[Crim. No. 3508. First Dist., Div. One. Sept. 10, 1958.]

THE PEOPLE, Respondent, v. HERMAN HOLLANDER, Appellant.

E. R. William, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Philip Hanley, Assistant District Attorney, for Respondent.

PETERS, P. J.—The appellant, Herman Hollander, was convicted by a jury of three violations of section 476a of the Penal Code, that is, of issuing fictitious checks. He appeals from the judgment of conviction.

The evidence shows that on October 2, 1957, the appellant purchased various articles from a department store in San Francisco. He offered, in payment for these articles, three checks drawn on the Valley National Bank of Phoenix, Arizona. At various times that day the department store cashier cashed three checks for appellant, one for $27, one for $84 and one for $73. The department store employees became suspicious and the matter was referred to the police. Upon being questioned, appellant admitted to the officers that he had drawn the checks and that he had no account in the bank on which the checks were drawn. His explanation was that, several years prior to 1957, he had an account in the Phoenix bank and had some of its checks in his possession, and that he needed some articles of clothing and passed the checks to secure them. His only defense was that at some indefinite time in the future he intended to make the checks good.

At the trial defendant did not testify. The prosecution, after producing the evidence above summarized, introduced protests and notices of protest on all three checks. These documents show that a notary public in the State of Arizona presented the checks to the Valley National Bank in Phoenix for payment, and that payment was refused on the ground that the maker of the checks had no account in the bank. Appellant objected to the introduction of these notices of

protest on the ground that they were not properly authenticated. The objections were overruled.

On this evidence the jury found appellant guilty on all three counts. The sole contention made on appeal is that the protests were erroneously admitted into evidence because not properly authenticated. Each notice of protest bears the notary's seal, but appellant urges that this was not sufficient authentication.

The point is without merit. Section 476a, subdivision (c) of the Penal Code provides that a notice of protest "shall be admissible as proof of presentation, nonpayment and protest and shall be presumptive evidence of knowledge of insufficiency of funds" in the bank on which the protested check is drawn. Section 8208 of the Government Code provides that:

"The protest of a notary public, under his hand and official seal, of a bill of exchange or promissory note for nonacceptance or nonpayment, specifying:

"(a) the time and place of presentment.

"(b) the fact that presentment was made and the manner thereof.

"(c) the cause or reason for protesting the bill.

"(d) the demand made and the answer given, if any, or the fact that the drawee or acceptor could not be found, is prima facie evidence of the facts recited therein."

Appellant urges, however, that the notices of protest here admitted into evidence over his objections were not admissible because not properly authenticated as required by section 1940 of the Code of Civil Procedure, the section relating to the method of proving a private writing. Appellant also urges that this deficiency of proof cannot be supplied by the judicial notice provisions of section 1875 of the Code of Civil Procedure. He points out that under that section California courts take judicial notice of the seals of all courts of this state and of the United States, and of the official signatures and seals of the principal officers of the government, legislative, executive and judicial, of this state and of the United States. Thus, by failing to so provide, the courts of this state may not take judicial notice of the seals of out-of-state courts or of the seals of office of the legislative, executive or judicial officers of states other than California. It is, therefore, argued that the courts of this state cannot, logically, take judicial notice of the authenticity of the seal of an out-of-state notary.

The difficulty with this argument is that the Legislature has provided to the contrary. ■ Subdivision 7 of section 1875

of the Code of Civil Procedure provides that the courts of this state take judicial notice of ''The seals of courts of admiralty and maritime jurisdiction, and of notaries public.'' Unlike the subdivisions of the section relating to seals of courts and of the actions of principal legislative, executive, and judicial officers, subdivision 7 is not limited to this state and to the United States. Subdivision 7 is a general provision relating to all notaries public without limitation. Appellant urges that it is highly illogical to so interpret the section, because, under such an interpretation, the seal of an out-of-state notary is given greater dignity than the seal or acts of out-of-state legislatures, governors or courts. At first blush this does appear to be illogical. But subdivision 7 has been in our code since 1872. It is a codification of a basic common law concept. In VII Wigmore on Evidence (3d ed.), section 2165, the rule, and the reason for it, is stated as follows: ''Other than a foreign seal of State . . ., the only foreign official seal presumed at common law to be genuine, by universal concession, was that of a *notary*. The notary's hearsay certificate was at common law not admissible except for the single purpose of evidencing the fact of demand and non-payment (protest) of a foreign bill of exchange . . .; but, so far as it was thus receivable, the purporting notary's seal sufficiently evidenced its genuineness. The reason for the exceptional recognition of this officer's seal was undoubtedly the necessity for prompt action in fixing the liabilities accruing on commercial paper, and the consequent impossibility of securing further certification of the document under the seal of State; this consideration sufficing to override the risk of forgery: This rule seems never to have been disputed, and its universal concession has caused the precedents to be few in number. The only question seems to have been as to the *form* of the seal; and this was properly held to depend upon the law of the place of purporting execution.'' (See also cases collected 20 Am.Jur. p. 100, § 80; 31 C.J.S. p. 539, § 25.)

As Wigmore points out, the rule is of long standing and has been so seldom disputed in either civil or criminal cases that there are few precedents. We have, however, at least one case where the court has held that out-of-state protests, similar to those here involved, are admissible in a criminal case. In *People* v. *Bullock*, 123 Cal.App. 299 [11 P.2d 441], on appeal it was contended that such out-of-state protests were not properly authenticated. The court stated (p. 303): ''The defendant objects that the notices of protest were not

in proper form. This court has examined the notices of protest introduced at the trial and made exhibits therein. The protests are in all instances in a form that complies both with the law of the state wherein they were made and executed, and also with the law of this state. (Civ. Code, § 3233 et seq.) They were all properly authenticated by the signature of the notary public who executed them, and in all cases, the notary public has attached to them his seal of office. Our courts are required to take judicial notice of the seals of notaries public. (Code Civ. Proc., § 1875, subd. 7.) The instruments introduced in evidence were the original documents and not copies. No statute requiring any further authentication of these instruments other than the signature and seal of the notary has been cited to the court or found by this court. The proof of instruments in this manner is not new or novel. (Civ. Code, § 1182.)''

Appellant contends that this quotation was a mere dictum, because the court also held that, since the question of authentication had not been raised in the trial court, it could not be raised for the first time on appeal. We do not find it necessary to determine whether the judicial notice point was a dictum or constituted an alternative ground of the decision. Assuming the holding to be dicta, it is dicta no longer. It is a sound dictum, and should be followed. It is in accord with a basic common law rule codified in this state in subdivision 7 of section 1875 of the Code of Civil Procedure.

Thus the protests and notices of protest were properly admitted. Their authenticity was established by the signature and seal of the Arizona notary public. The courts of California take judicial notice of that seal. No further authentication was required.

The judgment appealed from is affirmed.

Bray, J., and St. Clair, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.